# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Click here to enter a date.

RE: STEVEN AUSTIN V. SUPT KERESTES, ETAL
CA No. 13-3436

# NOTICE

Enclosed herewith please find a copy of the Report and Recommendation filed by United States Magistrate Judge Angell, on this date in the above captioned matter. You are hereby notified that within fourteen (14) days from the date of service of this Notice of the filing of the Report and Recommendation of the United States Magistrate Judge, any party may file (in duplicate) with the clerk and serve upon all other parties written objections thereto (See Local Civil Rule 72.1 IV (b)). **Failure of a party to file timely objections to the Report & Recommendation shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court Judge.**

In accordance with 28 U.S.C. §636(b)(1)(B), the judge to whom the case is assigned will make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The judge may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge, receive further evidence or recommit the matter to the magistrate judge with instructions.

Where the magistrate judge has been appointed as special master under F.R.Civ.P 53, the procedure under that rule shall be followed.

MICHAEL E. KUNZ
Clerk of Court

By LINDA V. JERRY
, Deputy Clerk

cc: Courtroom Deputy to Judge Tucker
Austin
Lorber

civ623.frm
(11/07)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN AUSTIN [AF-6623] | : : : | CIVIL ACTION |
| v. | : : | |
| SUPERINTENDENT KERESTES, et al. | : | NO. 13-3436 |

## ORDER

AND NOW, this          day of                    , 2013, upon consideration of the pleadings and the record herein, and after review of the Report and Recommendation of M. Faith Angell, United States Magistrate Judge, it is hereby **ORDERED** that:

1. The Report and Recommendation is **APPROVED AND ADOPTED.**

2. Petitioner's Motion Requesting District Court to Hold in Abeyance or Suspense Timely Filed Habeas Petition [Document #2] is **GRANTED.**

3. The Petition for Writ of Habeas Corpus is placed in suspense until the conclusion of the state post-conviction proceedings.

4. Austin shall return to federal court within thirty (30) days following the conclusion of his state court proceedings. If Petitioner does not return to federal court within that time, this stay and abeyance order will be vacated and his petition will be dismissed without prejudice.

   There is no probable cause to issue a certificate of appealability.

BY THE COURT:

_____
PETRESE B. TUCKER,         C. J.

Page 1 of 7

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN AUSTIN [AF-6623] | : | CIVIL ACTION |
| v. | : | |
| SUPERINTENDENT KERESTES, et al. | : | NO. 13-3436 |

### REPORT AND RECOMMENDATION

M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE                                September 25, 2013

Presently before this Court is a *pro se* Petition for Writ of Habeas Corpus filed, pursuant to 28 U.S.C. §2254, by a state prisoner. Petitioner, Steven Austin, is currently incarcerated at State Correctional Institution ["SCI"] Mahanoy in Frackville, Pennsylvania, where he is serving a life sentence for first degree murder. For the reasons which follow, I recommend that Austin's habeas petition be stayed to allow him the opportunity to litigate, in the state courts, a claim relying on the recent decision by the United States Supreme Court in *Miller v. Alabama*, ___ U.S. ___, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012).

### I.   FACTUAL AND PROCEDURAL HISTORY.[1]

On May 3, 1976, Steven Austin was convicted, by a jury, of first degree murder, possession of an instrument of crime ["pic"], possession of a concealed weapon, and possession of a prohibited offensive weapon. He was sentenced to life for the murder conviction and two and one half (2 ½) to five (5) years for the pic offense, the sentences to run consecutively. *Commonwealth v. Austin*, 484 Pa. 56, 58, 398

---

1. Because Austin has a post-conviction petition pending in the state system, his state court records are not available in this case. The facts and procedural history are taken from the petition, Austin's motion to stay and hold in abeyance, the Commonwealth's response with attached exhibits, and records available online.

A.2d 941 (1979).[2] The facts were summarized by the Pennsylvania Supreme Court as follows:

> "Appellant [Austin] was charged in connection with the shooting of Charles Hudson of Philadelphia on July 4, 1975. The shooting resulted in Hudson's death two days later. Appellant was arrested on October 29, 1975, at which time he was sixteen years old. His mother went to the police station, conferred with him privately and advised him not to answer any questions without an attorney. A public defender arrived and he and the mother conferred with appellant. The public defender told appellant not to answer any questions. Later, in the absence of his mother and his attorney, appellant spontaneously told a police officer he wanted to tell him what happened. He received his Miranda warnings and waived his rights. He then gave a statement in which he admitted to shooting the decedent. The statement was admitted at trial. [ . . . ]"

*Id.*

Austin filed a direct appeal alleging that his confession was inadmissible under *Commonwealth v. McCutchen*, 463 Pa. 90, 343 A.2d 669 (1975). The Pennsylvania Supreme Court declined to consider the issue because Austin failed to make a specific allegation of error to support suppression of his statement. *Id*, at p. 59.

On March 16, 2006, Austin filed a petition under the Pennsylvania Post-Conviction Relief Act ["PCRA"], raising a *Batson* claim. *Habeas Petition* [Document #1], at p. 6. On June 12, 2007, the PCRA petition was dismissed as untimely. *Commonwealth's Response*: Exhibit "A" (Criminal Docket Entries) [Document #7-1], at p. 7. The Pennsylvania Superior Court affirmed the denial of PCRA relief on June 4, 2008. *Id.*, at p. 8.

On July 6, 2010, Austin filed a second PCRA petition. He filed an amended PCRA petition on July 25, 2012, in which he is alleges that his life without parole sentence imposed when he was a juvenile is unconstitutional under 2012 *Miller* decision. *Id.*, at pp. 8-9. This latest PCRA petition remains pending in the state system.

---

2.  The sentences for the other two weapons convictions were suspended. *Id.*

On June 18, 2013, Austin filed this habeas petition in which he asserts two claims for relief: (1) "Petitioner's mandatory sentence of life without parole violates the Eighth Amendment's prohibition on cruel and unusual punishment when applied to juveniles under 18, and is retroactive to cases on collateral review," and (2) "Petitioner's sentence under current Pennsylvania Statute §1102 must be vacated and Petitioner is entitled to be resentenced under a lawful statute to the next most severe penalty authorized for murder, third degree." *Habeas Petition:* Memorandum of Law in Support [Document #1-2], at pp. 3-4.

Concurrent with the filing of his habeas petition, Austin filed a motion requesting that his habeas petition be held in abeyance or suspense until his state remedies are exhausted. *Motion to Stay and Hold in Abeyance* [Document #2].

On September 9, 2013, the Commonwealth filed a response to Austin's habeas petition, acknowledging that Austin's *Miller* claim is pending in the state courts and taking the position that it does not oppose staying this proceeding until after the conclusion of state court review of Austin's *Miller* claim. *Commonwealth's Response* [Document #7], at p. 4.

## II. DISCUSSION.

In *Miller*, decided on June 25, 2012, the U.S. Supreme Court held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without the possibility of parole for juvenile offenders." *Miller v. Alabama*, ___ U.S. ___, 132 S.Ct. 2455, 2469, 183 L.Ed.2d 407 (2012). Prior to sentencing a juvenile who has committed murder, "a judge or jury must have the opportunity to consider mitigating circumstances before imposing the harshest possible penalty." *Id.*, at 2475. The sentencer must "assess whether the law's harshest term of imprisonment proportionately punishes a juvenile offender." *Id.*, at p. 2466. "Central considerations" include:

> "consideration of his [the juvenile's] age and its hallmark features – among them, immaturity, impetuosity, and failure to appreciate risks and consequences;"
> "the family and home environment that surrounds him – and from which he cannot usually extricate himself – no matter how brutal or dysfunctional;"
> "the circumstances of the homicide offense, including the extent of his participation in the conduct and the way familial and peer pressures may have affected him;"

> "that he might have been charged and convicted of a lesser offense if not for incompetencies associated with youth – for example, his inability to deal with police officers or prosecutors (including on a plea agreement) or his incapacity to assist his own attorneys;" and
> "the possibility of rehabilitation."

*Id.*, at p. 2468.

In response to *Miller*, the Pennsylvania legislature amended the state sentencing laws, effective October 25, 2012, to provide for parole eligibility for youthful murderers, with the minimum term of imprisonment determined by the degree of the offense and the age of the juvenile at the time of the offense. *Gonzalez v. Bickell,* CA No. 13-3404, 2013 WL 5273784, at *2 (E.D. Pa. September 17, 2013). The changes apply to those persons who are convicted after June 24, 2012. *18 Pa.C.S.A. §1102.1.*

The Pennsylvania Supreme Court has ruled that *Miller* applies to individuals who are "subject to non-final judgments of sentence for murder as of *Miller's* issuance." *Commonwealth v. Batts*, 66 A.2d 286, 297, 2013 WL 1200252 (Pa. March 26, 2013). What has not yet been determined, and is currently under consideration by the Pennsylvania Supreme Court, is whether *Miller* applies retroactively to cases that were final when *Miller* was decided. *See Commonwealth's Response* [Document #7], at p. 2 (noting that argument on this issue was held on September 12, 2012 in the pending case, *Commonwealth v. Cunningham*, No. 38 EAP 2012).

Austin, whose conviction was final before the *Miller* decision, falls within the group of individuals whose sentences may be affected by the state Supreme Court's ruling on the *Miller* retroactivity question. His *Miller* claim is pending in the PCRA forum and is unexhausted.

Ordinarily, a habeas petition containing an unexhausted claim must be dismissed without prejudice. However, the U.S. Supreme Court has approved the use of stay and abey procedures "where such a stay would be a proper exercise of discretion. [The Anti-Terrorism and Effective Death Penalty Act (AEDPA)] does not deprive district courts of that authority, but it does circumscribe their discretion." *Rhines v. Weber*, 544 U.S. 269, 276 (2005) (internal quotations and citations omitted).

"[S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court could abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. [ . . . ]

A mixed petition should not be stayed indefinitely [ . . . ] [D]istrict courts should place reasonable time limits on a petitioner's trip to state court and back. District courts should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed. [ . . . ] On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition."

*Id.*, at 277-278 (internal quotations and citations omitted).

Under the circumstances presented in this matter, Austin's habeas petition should be stayed and held in abeyance pending the conclusion of his state court PCRA proceedings. There is good cause for Petitioner's earlier failure to raise this constitutional challenge to his sentence in state court. The claim is not "plainly meritless", and there is no indication that Austin "engage[d] in abusive litigation tactics or intentional delay." *Rhines*, 544 U.S. at 277-278. Furthermore, the Commonwealth does not oppose a stay of the proceedings. Also, as the Commonwealth notes, the stay should be conditioned on Petitioner's notifying this Court and the Respondents within a specified reasonable time after the conclusion of the state court proceedings. *See Commonwealth's Response* [Document #7], at pp. 4-5.

## III. RECOMMENDATION.

Consistent with the above discussion, it is recommended that Austin's motion to stay be GRANTED, and his habeas petition be STAYED and held in ABEYANCE while he litigates his PCRA petition. It is further recommended that, if Petitioner fails to return to federal court within thirty days of the conclusion of his state court proceedings, this Order be vacated and his habeas petition be DISMISSED WITHOUT PREJUDICE. It is further recommended that there is no probable cause to issue a certificate of appealability.[3]

BY THE COURT:

M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE

By email to: the Honorable Chief Judge Petrese B. Tucker
Molly Selzer Lorber, Esq.    molly.selzer@phila.gov

By mail to: Steven Austin
AF-6623
SCI-Mahanoy
301 Morea Rd.
Frackville, PA 17932

---

[3] Petitioner is advised that he may file objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof. *See* Local R.Civ.P. 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.